STATE OF WEST VIRGINIA

**In Re: M.L., J.L., J.K., J.W., M.W.**

**No. 12-1148** (Harrison County 12-JA-28, 29, 30, 31, and 32)

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Perry B. Jones, arises from the Circuit Court of Harrison County, wherein her parental rights were terminated by order entered on September 19, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Dreama Sinkkanen, filed a response on behalf of the children.

This Court has considered the parties' briefs and the appendix record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Mother has been involved with the DHHR since March 26, 2010, when the two eldest children, M.L. and J.L., were put under emergency custody of the DHHR and into foster care, upon concerns of domestic violence between Petitioner Mother and her husband, the father of the youngest two children, J. W. and M.W., both of whom were born after March of 2010. J.K. was also put into the legal custody of the DHHR, but was in the physical custody of her biological father. J.W. was put into DHHR custody upon birth in June of 2010. On October 12, 2011, M.L., J.L., and J.W. were returned to the custody of Petitioner Mother and her husband, but the case was held open due to a custody battle between Petitioner Mother and the father of J.K.

On January 17, 2012, Child Protective Services ("CPS") visited Petitioner Mother's home and found it filthy and in disarray. Petitioner Mother informed CPS that M.L. had scabies and head lice. Over the next four months, CPS observed M.L. and Petitioner Mother having head lice and, while the home was occasionally cleaner, it was often in disarray and dirty. On May 18, 2012, the DHHR filed a petition for abuse and neglect based upon the children's poor hygiene and physical abuse of nine-month-old M.W. After the circuit court adjudicated Petitioner Mother as abusive and neglectful and denied her an improvement period, the DHHR filed for the termination of Petitioner Mother's parental rights.

On September 19, 2012, the circuit court terminated Petitioner Mother's parental rights. At disposition, the DHHR testified that, while Petitioner Mother has shown a willingness to comply with improvement plans, she has shown an unwillingness or inability to use what she has

learned during the improvement period. The circuit court held that the children continue to suffer and that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In re Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in failing to grant an improvement period and terminating her parental rights because the court did not properly consider her likelihood in participating in an improvement period and that her circumstances had changed because she offered to leave her husband in order to keep the children. Finally, she argues that the circuit court erred in terminating her parental rights by stating that the children had been in foster care for fifteen of the previous twenty-two months because there was not clear testimony to that effect.

The DHHR responds that while testimony showed that Petitioner Mother is likely to participate in an improvement period, it also showed that she is unlikely to benefit further from an improvement period, due to the meager improvements made prior to the instant petition when she was offered numerous services. The DHHR further argues that the offer to leave her husband "rings hollow," and did not represent an actual change in situation. Finally, the DHHR argues that the claims regarding the number of months the children have been in foster care is meritless. First, the DHHR states that the statute does not encumber the court, but only mandates that the DHHR recommend termination in certain circumstances. Second, the DHHR argues that three of the children were in foster care for eighteen months and that the only two who were not in foster care for fifteen of the past twenty-two months are J.K., who was in physical custody of her father, and M.W., who was born less than 15 months before the adjudication. Finally, the DHHR argues that there was abundant evidence to support the court's denial of an improvement period and termination of parental rights and that it would be clear error to find otherwise.

The guardian's response mirrors that of the DHHR. The guardian argues that "the question is not whether the petitioner will comply with the terms and conditions of an improvement period,

but whether the conditions of abuse and neglect can be corrected in the near future." The guardian argues that she had not corrected the problem after two years of services and assistance. Finally, the guardian argued that the length of time the children were in foster care is but one factor in deciding whether to terminate the parental rights, not the only one, and that there was substantial support for the termination on the record.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Furthermore, under West Virginia Code § 49-6-5b(a)(1), the DHHR is required to recommend termination if the child has been in foster care for fifteen of the past twenty-two months.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that:

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline

3

consistent with the child's best interests or where a suitable adoptive home cannot be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and the order terminating Petitioner Mother's parental rights is hereby affirmed.

Affirmed.

**ISSUED**:  February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II